IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TRANS TECHNOLOGIES COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>HENDRICKSON USA, L.L.C.; QUEST GLOBAL, INC.; AND GREAT DANE LIMITED PARTNERSHIP,<br><br>    Defendants. | CIVIL ACTION NO.<br>1:16-cv-1778-AT |

**JOINT DISCOVERY STATEMENT REGARDING DISCOVERY DISPUTE AS TO MODIFICATION OF THE PROTECTIVE ORDER TO PERMIT TRANS TECH TO USE CERTAIN DOCUMENTS IN RELATED IPR**

The Parties submit this Joint Discovery Statement pursuant to §III(e) of Judge Totenberg's Standing Order [Dkt. 17] to address the following issue: TransTech's request to modify the agreed protective order [Dkt. 61] to allow submission of Hendrickson confidential documents in a pending IPR.

A. Trans Tech's Position

On May 31, 2017, nearly a year after Trans Tech filed the instant action, Defendants filed an *Inter Partes* Review Petition ("IPR") alleging that the asserted claims of the Patent-in-Suit (i.e., the '465 Patent) are invalid based on obviousness. Trans Tech's preliminary response is due September 6, 2017.

In this action, Defendant Hendrickson has produced a number of documents that are highly probative regarding the issue of non-obviousness. These documents establish secondary indicia of non-obviousness such as copying, commercial success, failure by others, industry skepticism, long felt need, *etc.* The Federal Circuit has held that such factors "play a critical role in the obviousness analysis." *Leo Pharmaceutical Products, Lt. v. Rae*, 726 F.3d 1346, 1358 (Fed. Cir. 2013). The USPTO also has denied institution when "[e]vidence of secondary considerations, taken as a whole, supports [the] decision that the Petitioner has not demonstrated a reasonable likelihood that the invention of [certain claims are]

1

obvious." *Omron Oilfield & Marine, Inc. v. MD/Totco, a Division of Varco, L.P.*, IPR2013-00265, paper 11, p.16 (PTAB, Oct. 31, 2013).

Defendants' IPR Petition did not refer to any of these documents, nor did it address any secondary considerations of non-obviousness. Trans Tech wishes to use these documents in its preliminary response to the IPR. Trans Tech has specifically identified twenty-five documents that it seeks to use in the preliminary response. Nevertheless, after a meet and confer, Defendants maintain their objection to the use of these documents on the basis that use of them in the IPR proceeding would violate the Court's Protective Order as they were produced under the Protective Order.

Trans Tech respectfully submits that good cause exists for the modification of the Protective Order for at least the following reasons:

First, the PTAB has procedures to maintain the confidentiality of these documents to the same extent confidentiality is maintained here. Further, Trans Tech also will redact irrelevant information from the documents. It also should be noted that Trans Tech questions whether many of these documents properly were marked under the Protective Order. However, by modifying the Protective Order as Trans Tech requests, Trans Tech will not need to dispute the designations on a document by document basis.

Second, it would be unfair to deny Trans Tech this opportunity to defend the validity of the Patent-in-Suit in IPR. Defendants should not be able to block the PTAB from considering this evidence of non-obviousness.

Finally, Defendants face virtually no burden or prejudice if these documents were used in the IPR. Trans Tech specifically has identified the documents it intends to use, and each of them was produced by Defendants.

B. Defendants' Response

TransTech seeks to modify the protective order to which it agreed [Dkt. 61] in order to submit to the USPTO confidential Hendrickson TIREMAAX® PRO sales and technical information. Defendants object because the modification: 1) violates the established discovery procedures of an IPR; 2) relates to discovery that fails to meet the more stringent standards in an IPR; and 3) disregards the Parties' own agreed protective order, which specifically excludes the use of confidential documents in any proceeding but the pending litigation.

First, it is inappropriate for TransTech to submit any discovery obtained from Hendrickson at this stage because, absent special circumstances not applicable here (*e.g.*, a dispute regarding the real party in interest), the rules contemplate discovery only after institution. *See, e.g.*, 37 CFR 42.51(a)(1)("Upon

the institution of a trial, parties may automatically take discovery.").[1] Such discovery material is unnecessary in part because, although the Patent Owner may include its own testimonial evidence with its initial response to a petition for IPR, any genuine issue of material fact is viewed in the light most favorable to Petitioners. 37 C.F.R. §42.108(c).

Second, the Court should reject TransTech's proposed modification because the information at issue is simply not discoverable under the more stringent standards of an IPR. *See Columbus Drywall & Insulation, Inc. v. Masco Corp.*, No. 04-CV-03-66, 2014 WL 11352937 at *4 ("In deciding whether to grant a modification of a protective order, "courts consider the relevance of the protected discovery to the collateral proceedings and its general discoverability therein."). IPR discovery is subject to substantially more stringent rules than in district courts. *See Garmin Int'l, Inc. v. Cuozzo Speed Techs. LLC*, No. IPR2012-00001 at 5 (P.T.A.B. Mar. 5, 2013) (Paper 26); *Cf. MasterImage 3d, Inc. v. Reald Inc.*, IPR2015-00035 (P.T.A.B. June 23, 2015) (Paper 28) (declining to order discovery

---

[1] *See also OSI Pharms., LLC v. Arch Dev. Corp.*, IPR2016-01034 (P.T.A.B. June 30, 2016) (Paper 7) (denying pre-institution deposition pursuant to Trial Practice Guide, 77 Fed. Reg. 48,756, 48757 (Aug. 14, 2012)).

based on documents obtained in ITC proceedings).[2]  This is because the very nature of IPR is more streamlined and economical than district court litigation.

For example, the confidential information TransTech seeks to submit is not discoverable in the IPR because there is no "nexus" between Hendrickson's sales and TransTech's invention.  *See St. Jude v. Board of Regents of the University of Michigan*, Case IPR2013-00041, at *24 (P.T.A.B. May 1, 2014) (Paper 69) ("nexus requires 'proof that the sales were a direct result of the unique characteristics of the claimed invention—as opposed to other economic and commercial factors.'").[3]  Hendrickson disputes that TIREMAAX® PRO embodies the claims at issue, and TransTech may present evidence of its own commercial success, if any such exists, through sales information about its own products embodying the patent.

Third, in view of the "strong presumption" against modifying a protective order in this district, TransTech fails to establish good cause for modification here. *See Columbus Drywall,* 2014 WL 11352937 at *4 (N.D. Ga. Apr. 23, 2014).  The Parties to this case extensively negotiated a protective order that limits use of confidential documents to this litigation while expressly acknowledging the

---

[2] The PTAB cases cited herein are attached hereto as Group Exhibit A.
[3] *See also In re Inland Steel Co.*, 265 F.3d 1354, 1366 (Fed. Cir. 2001) (commercial success did not "overcome the strong prima facie obviousness case").

5

possibility of an IPR. (*See* Dkt. 61, ¶¶5, 11.)[4] TransTech itself submitted the first draft and included the limiting language that it now seeks to modify.  Only now, after receiving confidential information, does TransTech seek to undo its agreement, on which Hendrickson relied. TransTech should not be able to rewrite it now.

C. <u>Trans Tech's Reply</u>

Defendants avoid Trans Tech's points. As to Defendants' three points: (1) Trans Tech seeks to avoid IPR discovery through this modification of the Protective Order. IPR discovery of such documents would be permissible as "Additional discovery" pre-institution decision pursuant to 37 C.F.R. §42.51(b)(2). Their case is about depositions not additional discovery.  (2) IPR discovery is not so narrow that Defendants could avoid secondary indicia discovery in the IPR.[5] Defendants' cites do not support the contrary. Defendants can make their nexus argument before the PTO. (3) Trans Tech did not anticipate that Defendants would produce documents here that are contra to IPR positions. Paragraph 11 of the Protective Order contains a "prosecution bar" not an "IPR bar."

---

[4] TransTech now questions whether Hendrickson properly marked some of the documents as confidential.  Although TransTech has not requested review or re-designation, Hendrickson is in good faith reviewing the questioned designations.
[5] *Polygroup Ltd. v. Willis Elec. Col. Ltd.*, IPR2016-00800 (PTAB Jan. 13, 2017).

| | |
|---|---|
| */s/ John L. North* | */s/ Paul Ripp* |
| John L. North | David L. Applegate |
| Georgia Bar No. 545580 | Paul J. Ripp |
| Steven G. Hill | **WILLIAMS MONTGOMERY &** |
| Georgia Bar No. 354658 | **JOHN LTD.** |
| Jennifer L. Calvert | 233 S. Wacker Drive, Suite 6100 |
| Georgia Bar No. 587191 | Chicago, Illinois 60606 |
| Vivek Ganti | dla@willmont.com |
| Georgia Bar No. 755019 | pjr@willmont.com |

**HILL, KERTSCHER & WHARTON LLP**
3350 Riverwood Parkway
Suite 800
Atlanta, Georgia 30339
Telephone: (770) 953-0995
Facsimile: (770) 953-1358
jln@hkw-law.com
sgh@hkw-law.com
jc@hkw-law.com
vg@hkw-law.com

*Attorneys for Plaintiff*

Erika C. Birg
Georgia Bar No. 058140
Lloyd Farr
Georgia Bar No. 255435
**NELSON MULLINS RILEY & SCARBOROUGH LLP**
201 17th Street NW, Suite 1700
Atlanta, Georgia 30363
erika.birg@nelsonmullins.com
lloyd.farr@nelsonmullins.com

Craig C. Martin
Sara Tonnies Horton
Michael G. Babbitt
Timothy J. Barron
**JENNER & BLOCK LLP**
353 N. Clark Street
Chicago, IL 60654-3456
cmartin@jenner.com
shorton@jenner.com
mbabbitt@jenner.com
tbarron@jenner.com

*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TRANS TECHNOLOGIES COMPANY,<br><br>    Plaintiff,<br>v.<br><br>HENDRICKSON USA L.L.C.; QUEST GLOBAL, INC.; GREAT DANE LIMITED PARTNERSHIP,<br><br>    Defendants. | CIVIL ACTION NO.<br>1:16-cv-01778-AT<br><br>**JURY TRIAL DEMANDED** |

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY on this 21st day of July, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send a notification of such filing (NEF) to counsel of record.

This 21st day of July, 2017.

By:  */s/John L. North*
John L. North
Georgia Bar No. 545580

*Attorney for Plaintiff*

8