IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TRANS TECHNOLOGIES COMPANY,  :<br>  :<br>   Plaintiff,  :<br>  :<br>v.  :<br>  :<br>HENDRICKSON USA, L.L.C., *et al.*,  :<br>  :<br>  :<br>   Defendants.  :  | CIVIL ACTION NO.<br>1:16-CV-1778-AT |

# ORDER

This matter is before the Court on the parties' joint statement regarding a discovery dispute [Doc. 160]. Plaintiff seeks to modify the parties' stipulated protective order so that it may use certain documents in the related Inter Partes Review ("IPR") proceeding.

On May 31, 2017, Defendants filed an IPR petition to challenge the validity of Plaintiff's patent based on obviousness. Plaintiff's preliminary response to the petition is due on September 6, 2017. Plaintiff has identified twenty-five documents that it considers highly probative of non-obviousness, and these documents were produced by Defendants in this matter and marked as confidential under the protective order. The protective order states: "Unless expressly agreed upon by the Parties or otherwise ordered by this Court, DESIGNATED MATERIAL may be used by the Parties only in the litigation of

this Action and may not be used for any other purpose." (Doc. 61 ¶ 5.) Plaintiff would like to modify the protective order to allow Plaintiff to attach these twenty-five documents to its response to Defendants' IPR petition, since the IPR proceedings are outside this litigation. Defendants oppose such modification of the protective order.

The Supreme Court has held that Federal Rule of Civil Procedure 26(c) "confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984). A large number of courts have also held that the party seeking to modify a stipulated protective order must demonstrate good cause for doing so. *See, e.g.*, *Columbus Drywall & Insulation, Inc. v. Masco Corp.*, No. 104CV03066JECRGV, 2014 WL 11352937, at *4 (N.D. Ga. Apr. 23, 2014); *In re H.M.G.*, No. 1:13-CV-2598-CAP-LTW, 2016 WL 7971215, at *6 (N.D. Ga. May 2, 2016); *Infineon Techs. AG V. Green Power Techs. Ltd.*, 247 F.R.D. 1, 2 (D.D.C. 2005); *Jochims v. Isuzu Motors, Ltd.*, 145 F.R.D. 499, 501 (S.D. Iowa 1992) (collecting cases). In determining whether good cause exists, courts have considered factors such as how relevant the protected documents would be in the other proceeding, whether there are efficiency gains from avoiding duplicative discovery, and whether the modification would prejudice the non-moving party. *See Infineon Techs. AG V. Green Power Techs. Ltd.*, 247 F.R.D. 1, 3 (D.D.C. 2005) ("GPT has made a showing of good cause for the modification. GPT has alleged the documents may be highly relevant to the German litigation."); *Bell ex*

*rel. Bell v. Chrysler Corp.*, No. 3:99-CV-0139-M, 2002 WL 172643, at *2 (N.D. Tex. Feb. 1, 2002) ("It is undoubtedly more efficient to 'share' discovery to avoid duplicative efforts, especially in a case where the identical issue is being litigated."); *Insituform Techs., Inc. v. Amerik Supplies, Inc.*, No. 1:08-CV-333-TCB, 2015 WL 13064917, at *3 (N.D. Ga. May 13, 2015) ("[T]he Court must also weigh Insituform's need for the confidential materials against any prejudice to the other parties to the protective order.").

Plaintiff asserts that it has demonstrated good cause for the requested modification for several reasons. Plaintiff claims that the documents are "highly probative" regarding the issue of obviousness, and this issue is critical because the Patent Trial and Review Board ("PTAB") may deny the institution of IPR based on a patent being non-obvious. According to Plaintiff, the twenty-five documents help establish secondary indicia (i.e., objective evidence) of the non-obviousness of Plaintiff's patent. Plaintiff also claims that the confidentiality of the documents is not a real concern, because the PTAB has procedures for maintaining their confidentiality. Plaintiff argues it would be unfair to deny it the opportunity to properly defend the validity of its patent in IPR proceedings, and that using these documents in IPR would not burden or prejudice Defendants. Rather, these documents would be discoverable in IPR anyway, so allowing Plaintiff to use them now would avoid duplicative discovery. Lastly, in drafting the stipulated protective order, Plaintiff notes that it did not anticipate the need to use documents produced in discovery in IPR proceedings (i.e., proceedings

outside this litigation) because it did not anticipate Defendants producing documents contrary to their IPR positions.

Defendants do not object to the modification of the protective order based on the twenty-five documents being irrelevant or based on prejudice that they would suffer as a result. Instead, Defendants object that the modification would violate IPR discovery procedures, which only allow for discovery after an institution decision; that the documents would not be discoverable in IPR anyway; and that the Court should not allow modification to the parties' extensively negotiated protective order.

Defendants' argument regarding violating IPR discovery procedures is misplaced, since Plaintiff is not seeking IPR discovery at this stage. Just the opposite – Plaintiff states it is seeking to *avoid* IPR discovery by modifying the protective order so that it can use these already-produced documents in IPR. Moreover, the Court is not convinced that IPR's discovery scope is so narrow that it would prevent Plaintiffs from seeking secondary indicia-related information. Defendants' cited cases do not state otherwise; these cases go to the merits of whether a party has presented sufficient evidence of non-obviousness, not the extent to which a party is entitled to seek discovery on that issue. *See St. Jude v. Board of Regents of the University of Michigan*, Case IPR2013-00041 (P.T.A.B. May 1, 2014); *In re Inland Steel Co.*, 265 F.3d 1354, 1366 (Fed. Cir. 2001).

The Court considers Plaintiff's and Defendants' arguments and finds that Plaintiff has demonstrated good cause for modifying the protective order as

requested. Defendants have not asserted that they will suffer real harm or prejudice as a result of this modification, and Plaintiff has addressed confidentiality concerns about these documents since the PTAB maintains confidentiality procedures. Defendants also do not dispute Plaintiff's assertion that the documents are "highly probative" to the issue of obviousness. Plaintiff's need for these documents outweighs the concerns set forth by Defendants. The Court therefore **ORDERS** that the protective order is modified to the extent that Plaintiff may use the twenty-five identified documents in the related IPR proceedings.

    **IT IS SO ORDERED** this 1st day of September, 2017.

_____
**Amy Totenberg**
**United States District Judge**